Marisa GARCIA–VILLAREAL,
Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 05–76719.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 16, 2010.

Filed Oct. 25, 2010.

Frank T. Morell, Esquire, Chula Vista, CA, for Petitioner.

Joshua E. Braunstein, Assistant Director, Oil, Erica Miles, DOJ–U.S. Department of Justice, Washington, DC, Thomas L. Holzman, Counsel, Federal Deposit Insurance Corporation, Arlington, VA, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER and RAWLINSON, Circuit Judges, and COLLINS, District Judge.*

MEMORANDUM **

Marisa Garcia–Villareal is a native and citizen of Mexico who petitions for review of a decision of the Board of Immigration Appeals ("BIA") holding that her Califor-

---

* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

nia conviction for welfare fraud rendered her ineligible for cancellation of removal under 8 U.S.C. § 1229b(b). She contends that she is eligible for cancellation because § 1229b(b)(1)(C)'s reference to 8 U.S.C. § 1227(a)(2) does not apply to her as an alien who was never admitted.

Garcia–Villareal's argument is foreclosed by this court's decision in *Gonzalez–Gonzalez v. Ashcroft*, 390 F.3d 649 (9th Cir. 2004). In *Gonzalez–Gonzalez*, we rejected the argument that "crimes of domestic violence" listed in § 1227(a)(2) did not apply to the alien in that case because he had never been admitted. *Id.* at 653. We held that § 1229b(b)(1)(C)'s reference to an alien who "has not been convicted of an offense under section ... 1227(a)(2)" clearly meant a conviction *"described* under" that section, and therefore that an alien can be barred from cancellation by a conviction for an offense described under § 1227(a)(2) even if the alien is not deportable under that section. *Id.* at 652.

We also recognized in *Gonzalez–Gonzalez* that *Chevron* deference to the BIA would apply if § 1229b(b)(1)(C) were ambiguous. *Id.* at 651. Here, even if we were to hold that § 1229b(b)(1)(C) is ambiguous insofar as it may apply to a person seeking to qualify for the petty offense exception to a crime involving moral turpitude under § 1182(a)(2)(A)(ii)(II), the same *Chevron* deference would apply. The BIA has recently issued a published opinion holding that the petty offense exception is irrelevant when an alien is otherwise ineligible for cancellation because of a conviction for a crime described under § 1227(a)(2). *See Matter of Almanza–Arenas*, 24 I. & N. Dec. 771, 776 (BIA 2009). As the BIA's interpretation of the statute is reasonable, Garcia–Villareal's attempt to distinguish *Gonzalez–Gonzalez* as

dealing with a separate provision in the deportability statute fails.

The petition for review is **DENIED.**